IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIKE YU<br><br>Plaintiff,<br><br>v.<br><br>HAIR TREND USA, INC. and<br>DOUGLAS KIM<br><br>Defendants | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Mike Yu ("Plaintiff"), through his undersigned counsel, and files this lawsuit against Hair Trend USA, Inc. and Douglas Kim (collectively "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

1

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant Hair Trend USA, Inc. is a Georgia Corporation, and may be served with process by delivering a copy of the complaint and summons to its registered agent Annet Bae at 3375 Martin Farm Rd., Suwanee, Georgia 30024.

6.

Defendant Kim owns Defendant Hair Trend USA, Inc.

7.

Defendant Kim may be served with process by delivering a copy of the complaint and summons to him personally at his home address, or at the principal office of Defendant Hair Trend USA, Inc.

8.

Defendants are governed by and subject to 29 U.S.C § 206 and § 207.

9.

At all relevant times, Defendants engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

10.

At all relevant times, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

11.

At all relevant times, Defendants were an "employer" under the FLSA as that term is defined by 29 U.S.C. § 203(d).

12.

At all relevant times, Defendant Kim acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

13.

At all relevant times, Defendant Kim controlled or (at the very least) was involved in the day-to-day operations of Hair Trend (e.g., compensation/payroll policies, work hours, hiring and firing decisions, job responsibilities, etc.).

14.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

15.

Plaintiff worked for Defendants from 2007 to April 7, 2014.

16.

At all relevant times, Plaintiff consistently worked more than 40 hours in a workweek, but was not paid the overtime wage differential for all hours worked over 40 in a workweek.

17.

Defendants purposefully misclassified Plaintiff as exempt from the overtime pay requirements of the FLSA.

18.

Defendants categorized Plaintiff as a "Sales Manager," and paid Plaintiff a salary in order to avoid paying Plaintiff time and one-half his regular hourly rate of pay for all hours worked over 40 in a workweek.

19.

From June 2011 to in or about October 2013, Plaintiff spent one workweek outside of the office performing door-to-door sales, and the next workweek inside of the office performing non-exempt work.

20.

Specifically, every other workweek, Plaintiff worked inside of the office calling prospective customers to drum up new business, and taking orders over the phone from those prospective customers. Plaintiff also worked in the warehouse filling orders, and delivered and picked up merchandise within the State of Georgia.

21.

From in or about November 2013 to April 2014, Plaintiff stopped working outside of the office every other workweek.

22.

During this period, Plaintiff performed non-exempt work every workweek. Specifically, Plaintiff worked inside of the office making phone calls to prospective customers in order to generate business, and taking orders from those prospective customers over the phone. Plaintiff also filled orders in the warehouse, and delivered and picked up merchandise within the State of Georgia.

23.

Although Plaintiff was given a "manager" job title, he did not perform any managerial job duties.

24.

Plaintiff did not have the authority to hire and fire employees.

25.

Plaintiff did not supervise two or more full-time employees or their equivalent.

26.

In or about May 2013, a former "Sales Manager" accused Hair Trend of failing to pay him the overtime wage differential for any and all hours worked over 40 in a workweek.

27.

At or around that time, in order to avoid their obligations under the FLSA, Defendants merely redefined Plaintiff's salary as both "base salary and overtime salary." Thus, even though Plaintiff continued to work more than 40 hours in a workweek, he continued to be paid his weekly salary of approximately $1,000.00.

## COUNT ONE
## (Fair Labor Standards Act ("FLSA"))
## (Failure to Pay Overtime Compensation)

28.

Plaintiff reasserts and incorporates by reference paragraphs 14 through 27 of this Complaint as if fully set forth herein.

29.

At all relevant times, Defendants, individually and collectively, jointly and severally, violated the FLSA by failing to pay Plaintiff time and one-half his regular hourly rate of pay for all hours worked over 40 in a workweek.

30.

At all relevant times, Defendants suffered and permitted Plaintiff to consistently work more than 40 hours per workweek without paying Plaintiff the overtime wage differential.

31.

Defendants' conduct was willful and in bad faith.

32.

At all relevant times, Defendants purposefully misclassified Plaintiff as exempt in order to avoid paying Plaintiff the overtime wage differential required by the FLSA.

33.

At all relevant times, Plaintiff was not a "manager."

34.

At all relevant times, Plaintiff did not have the authority to hire and fire.

35.

Hiring and firing decisions were made exclusively by Defendant Kim.

36.

At all relevant times, Plaintiff did not supervise two or more full-time employees or their equivalent.

37.

From June 2011 to in or about October 2013, Plaintiff spent every other workweek performing non-exempt work. Specifically, Plaintiff worked inside of the office making phone calls to prospective customers in order to generate business, and taking orders from those prospective customers over the phone. Plaintiff also worked in the warehouse filling orders, and delivered and picked up merchandise within the State of Georgia.

38.

From in or about November 2013 to April 2014, Plaintiff spent every workweek inside of the office making calls to prospective customers in order to generate business, and taking orders from those prospective customers. Plaintiff

also worked in the warehouse filling orders, and delivered and picked up merchandise within the State of Georgia.

39.

Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff the overtime wage differential during the workweeks when he performed non-exempt work in violation of the FLSA.

40.

Defendants acted under an unlawful policy and/or practice of labeling low-level employees as "managers," and paying them a salary in order to avoid the FLSA's overtime pay requirements.

41.

In or about May 2013, after Defendants were accused by a former "Sales Manager" of failing to pay him the overtime wage differential, Defendants redefined the salaries of its employees, including Plaintiff, as both "base salary and overtime salary." As a result, Plaintiff continued to be paid his weekly salary of $1,000.00 regardless of the number of hours he worked over 40 in a workweek.

42.

Throughout the relevant time period, Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff in violation of the FLSA's recordkeeping requirements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief as against Defendants:

A. Grant Plaintiff a trial by jury as to all triable issues of fact;

B. A judgment in favor of Plaintiff for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA;

C. Judgment against Defendants; and

D. Such other and further relief as this Court may deem just and proper.

Date: June 24, 2014

                                              Respectfully submitted,

                                              SMITH LAW, LLC

                                  By:   /s/ Louise N. Smith
                                                  Louise N. Smith
                                                  Georgia Bar No. 131876
                                                  William J. Smith
                                                  Georgia Bar No. 710280
                                                  *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 691-5676
F: (770) 674-1122

louise@smithlaw-llc.com
william@smithlaw-llc.com

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

          By:   /s/ Louise N. Smith
                Louise N. Smith
                Georgia Bar No. 131876
                William J. Smith
                Georgia Bar No. 710280
                *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT FOR DAMAGES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 24th day of June, 2014.

                                              Respectfully submitted,

                                              SMITH LAW, LLC

                                  By:   /s/ Louise N. Smith
                                                 Louise N. Smith
                                                 Georgia Bar No. 131876
                                                 William J. Smith
                                                 Georgia Bar No. 710280
                                                 *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of June, 2014 served all parties in this matter with the foregoing **COMPLAINT FOR DAMAGES** by the following methods:

(1)   I certify that I have served Defendants to this Action by personal service pursuant to Fed. R. Civ. P. 4.

This 24th day of June, 2014.

                                            Respectfully submitted,

                                            SMITH LAW, LLC

                                  By:   /s/ Louise N. Smith
                                            Louise N. Smith
                                            Georgia Bar No. 131876
                                            William J. Smith
                                            Georgia Bar No. 710280
                                            *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com